UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEKSANDR SNITMAN,

                        Plaintiff,                        **REPORT AND**
                                                                       **RECOMMENDATION**
   v.

BMW FINANCIAL SERVICES,                             25-CV-4473
                                                                          (Gonzalez, J.)
                                                                          (Marutollo, M.J.)
                      Defendant.
------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      *Pro se* Plaintiff Aleksandr Snitman alleges that Defendant BMW Financial Services ("BMW" or "Defendant") accepted a forged version of his signature on a BMW lease agreement. Dkt. No. 9 ¶¶ 8-9. As a result of the purported forgery, Plaintiff filed suit against Defendant, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, along with tort claims of defamation, negligence, and intentional infliction of emotional distress ("IIED"). *See generally* Dkt. No. 9.

      Presently before the Court, on a referral from the Honorable Hector Gonzalez, United States District Judge, is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11; September 10, 2025 Dkt. Order. For the following reasons, the undersigned respectfully recommends that Defendant's motion to dismiss be granted, in part.

**I.    Background**

      Plaintiff—proceeding *pro se*—commenced the instant action by filing a summons with notice in the Supreme Court of the State of New York, Kings County, on July 8, 2025, alleging violations of the FCRA and state tort claims of negligence, defamation, and IIED. *See generally* Dkt. Nos. 1, 9. Liberally construed, the Complaint seeks compensatory damages in the amount of $1,000,000. Dkt. No. 9 ¶ 26. Plaintiff also seeks punitive damages, interest, and costs. *Id.*

In the Complaint, Plaintiff asserts that Defendant mistakenly listed Plaintiff as a co-signer on a BMW lease. *Id.* ¶ 5. Plaintiff claims that he first became aware of his alleged status as a cosigner on a BMW lease in or about December 2022, "when he opened a letter from BMW Financial Services addressed to him." *Id.* ¶ 6. Upon receiving this letter, Plaintiff requested a copy of the original lease application from Defendant. *Id.* ¶ 7. The original lease application listed Plaintiff as a co-signer, and Plaintiff alleges that the signature "was not his signature and was in fact a forgery." *Id.* ¶ 8. Plaintiff claims that he never agreed to be a co-signer for a BMW lease, nor did he authorize anyone to sign on his behalf. *Id.* ¶ 9.

After discovering the alleged forgery, Plaintiff "filed a police report documenting the forgery and sent a copy of the police report to BMW []." *Id.* ¶ 10. Plaintiff also alleges that he repeatedly contacted BMW via phone, in addition to completing BMW's internal fraud or identity theft reporting form. *Id.* ¶¶ 11-12. Plaintiff claims that despite this report, BMW continued to "send Plaintiff monthly statements and demand payment, while threatening negative credit reporting against Plaintiff" from December 2022 through February 2025. *Id.* ¶ 13.

Plaintiff alleges that these threatened financial consequences caused "severe emotional distress, headaches, insomnia, worsening diabetes, and fluctuating blood pressure." *Id.* ¶ 14. Plaintiff's health purportedly deteriorated "as a direct result of BMW's refusal to acknowledge the forgery and cease collection efforts." *Id.* ¶ 15.

Defendant removed this lawsuit to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 2. Plaintiff is a resident of Kings County, New York. Dkt. No. 1 ¶ 4; Dkt. No. 9 ¶ 1. Defendant is a Delaware limited liability company; its sole member is BMW of North America, LLC, a Delaware LLC , and its sole member is BMW (US) Holding Corp. Dkt. No. 1 ¶ 5. BMW Holding Corp. is a citizen of Delaware and New Jersey for purposes of diversity

jurisdiction because it was incorporated in Delaware, and its principal place of business is in New Jersey. *Id.* In its notice of removal, Defendant argued that jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper based on complete diversity between all plaintiffs and defendants. Additionally, Plaintiff has requested $1 million in damages, which Defendant argues satisfies the amount in controversy requirement of diversity jurisdiction. *See* Dkt. No. 9 ¶ 26; Dkt. No. 1 ¶ 6.

On August 14, 2025, this Court ordered Plaintiff to file a complaint in this action by August 19, 2025. August 14, 2025 Text Order. Plaintiff failed to file a complaint by the Court-ordered deadline. The Court *sua sponte* extended the deadline to August 22, 2025. *See* August 20, 2025 Text Order. After again failing to file as directed, the Court granted Plaintiff one final extension—until September 3, 2025—to file a complaint.

On August 25, 2025, Plaintiff filed the operative Complaint. *See* Dkt. No. 9.

On September 9, 2025, Defendant filed its motion to dismiss the Complaint, arguing that: (1) Plaintiff fails to state a claim for negligence; (2) the FCRA preempts Plaintiff's defamation complaint; (3) Plaintiff has not alleged sufficient facts to support an IIED claim; and (4) Plaintiff fails to state a claim for violation of the FCRA. *See generally* Dkt. No. 11-1.

Plaintiff served his response on October 1, 2025 and served it on Defendant by first-class mail on October 3, 2025, but it was not filed on the docket until October 7, 2025. *See generally* Dkt. No. 13. Defendant filed its reply on October 14, 2025. *See* Dkt. No. 16.

**II.   Standard of Review**

"To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted), and must show that the court has subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3).

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff but need not "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotations omitted); *see, e.g. McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (affirming "[a] complaint filed by a plaintiff *pro se* is to be construed 'liberally to raise the strongest arguments [it] suggest[s].'"

4

(quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))); *Cooke v. Frank Brunckhorst Co., LLC*, 788 F. Supp. 3d 390, 395 (E.D.N.Y. 2025) (affirming "the Court is mindful that the plaintiff is proceeding *pro se* and that the complaint must be 'liberally construed' in favor of the plaintiff" (quoting *Coffey v. United States*, 939 F. Supp. 185, 189-90 (E.D.N.Y. 1996); *Maynard v. Comm'r*, No. 15-CV-586 (CBA) (LB), 2015 WL 4069356, at *1 (E.D.N.Y. July 1, 2015) ("pleadings submitted *pro se* . . . are held to a less stringent standard and must be liberally construed."). "District courts must interpret a *pro se* complaint to raise the strongest claims that it suggests." *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 287 (E.D.N.Y. 2024) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *see also Antrobus v. New York City*, 762 F. Supp. 3d 241, 245 (E.D.N.Y. 2025) (finding that even after *Twombley*, Plaintiff's claims must be read liberally and interpreted to raise the strongest argument they suggest). Moreover, at the pleadings stage of the proceeding, "the Court must assume the truth of 'all well-pleaded, nonconclusory factual allegations in the complaint.'" *1567 56th St., LLC v. Spitzer*, 774 F. Supp. 3d 476, 488 (E.D.N.Y. 2025) (quoting *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

### III.  Discussion

Defendant seeks dismissal of the Complaint, with prejudice. *See generally* Dkt. No. 11-1. In his opposition to Defendant's motion to dismiss, Plaintiff argues, in a conclusory fashion, that the Complaint is factually sufficient to survive a motion to dismiss. *See* Dkt. No. 13 at 1-2.[1] Plaintiff does not address any of Defendant's substantive arguments. *See id*. Instead, Plaintiff largely relies only on a conclusory reference to the plausibility of the Complaint. *Id.* at 2.

As an initial matter, courts "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton*

---

[1] Page citations are to the ECF-stamped pages, unless otherwise stated.

*v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *see also Robinson v. Fischer*, No. 09-CV-8882 (LAK) (AJP), 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010). The Supreme Court has also held, "[i]f a party neglects to raise, concedes, or waives an issue, a court generally has no obligation to consider it." *Riley v. Bondi*, 145 S. Ct. 2190, 2201 (2025); *see also Penaranda Arevalo v. Bondi*, 130 F.4th 325, 337 (2d Cir. 2025) (holding "a litigant can forfeit an available argument even if it has not previously been raised or recognized in another case."); *Coker v. Goldberg & Assocs. P.C.*, No. 21-CV-01803 (JLR), 2024 WL 869412, at *7 (S.D.N.Y. Feb. 29, 2024) ("Defendants are deemed to have conceded these arguments by failing to address them in their opposition brief."); *Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief."). A plaintiff's "*pro se* status does not shield him from such a result." *Thomas v. City of New York*, No. 24-CV-2534 (VEC) (HJR), 2025 WL 1603429, at *8 (S.D.N.Y. June 6, 2025), *report and recommendation adopted*, 2025 WL 2434641 (S.D.N.Y. Aug. 22, 2025) (citing *McNair v. Ponte*, No. 16-CV-1722 (LAP), 2019 WL 1428349, at **6, 21 (S.D.N.Y. Mar. 29, 2019) ("This Court has deemed claims abandoned even in cases where the plaintiff was proceeding *pro se*.")).

Notwithstanding Plaintiff's apparent abandonment of his arguments, the Court evaluates each of Plaintiff's claims, in turn, below.

### A.  Plaintiff's FCRA Claim

In the Complaint, Plaintiff alleges that "Defendant failed to conduct a reasonable investigation after Plaintiff notified [it] of identity theft," in violation of the FCRA. Dkt. No. 9 ¶ 24. Defendant argues that (1) there is no private right of action for any alleged violation of 15

6

U.S.C. § 1681s-2(a) and (2) any claim for a violation of 15 U.S.C. § 1681s-2(b) fails as a matter of law.

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). "The FCRA imposes several duties and obligations on entities like Defendant, known as 'furnishers,' 'that furnish[ ] information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.' 12 C.F.R. § 1022.41(c); *see* 15 U.S.C. § 1681s-2 (outlining the responsibilities of furnishers of information to consumer reporting agencies)." *Robinette v. Bank of Am., N.A.*, No. 17-CV-6277 (JMA) (AYS), 2019 WL 4674625, at *2 (E.D.N.Y. Sept. 25, 2019).

### i.      15 U.S.C. § 1681s-2(a)

The Complaint does not specify which subsections of the FCRA have purportedly been violated. Liberally construed, the Complaint may be raising an allegation violation of 15 U.S.C. § 1681s-2(a), "i.e., knowingly disclosing false information, *see* § 1681s-2(a)(1), failing to correct false information, *see* § 1681s-2(a)(2), and failing to investigate a dispute filed directly with a furnisher of information, *see* § 1681s-2(a)(8)." *Longman*, 702 F.3d at 151. To the extent Plaintiff is indeed raising a claim against Defendant under 15 U.S.C. § 1681s-2(a), there is no private right of action for such a claim. *Id.* (collecting cases and noting that, as "many other courts have held, [] there is no private cause of action for violations of § 1681s-2(a).").

This Circuit has unambiguously held that "the statute plainly restricts enforcement of [15 U.S.C. § 1681s-2(a)] to federal and state authorities." *Longman*, 702 F.3d at 151 (finding that 15 U.S.C § 1681s-2(d) expressly forecloses private rights of action to enforce the furnishing of inaccurate reporting information to a credit agency); *see also Suluki v. Credit One Bank, NA*, 138

7

F.4th 709, 719 n.7 (2d Cir. 2025) ("The FCRA explicitly bars private rights of action to enforce Section 1681s-2(a)"); *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 445 (2d Cir. 2015) (stating that violations of 15 U.S.C. § 1681s–2(a), including the provision that "prohibit[s] a furnisher from reporting inaccurate information to a consumer report agency," are "not enforceable by means of a federal or state cause of action for damages").

Courts in this District have repeatedly found that plaintiffs lack a private right of action to sue a furnisher for the provision of inaccurate information to credit reporting agencies. *See, e.g., Robinette*, 2019 WL 4674625, at *2 ("[T]he statute makes clear that there is no private right of action for either willful or negligent noncompliance of section 1681s-2(a)."); *Munroe v. Nationstar Mortg. LLC*, 207 F. Supp. 3d 232, 237 (E.D.N.Y. 2016) (finding that no authority exists for a private right of action under § 1681s-2(a) and dismissing plaintiff's complaint to the extent that the plaintiff claims violations of that section of the FCRA); *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 304 (E.D.N.Y. 2014) (dismissing "[t]o the extent Plaintiff alleges violations of subsection (a) of section 1681s-2—which prohibits knowingly reporting inaccurate information, failing to correct and update information, and failing to investigate a dispute raised directly to the furnisher by a consumer" (internal citations omitted)).

Accordingly, to the extent Plaintiff is raising a claim under § 1681s-2(a), such a claim must be dismissed.

### ii. 15 U.S.C. § 1681s-2(b)

"Section 1681s-2(b) of the FCRA governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Lewis v. Navy*, No. 21-CV-9131 (LTS), 2022 WL 329195, at *2 (S.D.N.Y. Feb. 2, 2022) (citation omitted). Unlike 15 U.S.C. § 1681s-2(a), there is

8

a "private right of action for violations of section 1681s-2(b), which requires a furnisher, '*after receiving notice pursuant to section 1681i(a)(2)* of this title of a dispute with regard to the completeness or accuracy *of any information provided . . . to a consumer reporting agency*,' to investigate the disputed information according to specific procedures." *Robinette*, 2019 WL 4674625, at *2 (quoting 15 U.S.C. § 1681s-2(b)) (emphasis added); *Lewis*, 2022 WL 329195, at *2 ("To state a claim [under Section 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation.") (citations omitted). A furnisher's duties under § 1681s-2(b) include, *inter alia,* the responsibility "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). "Section 1681i(a)(2) requires a consumer reporting agency that receives notice of a dispute from a consumer, to notify, within 5-business days, 'any person who provided any item of information in dispute.'" *Robinette*, 2019 WL 4674625, at *2 (quoting 15 U.S.C. § 1681i(a)(2)(A)). Thus, "'[t]o state a claim under section 1681s–2(b) of the statute, a plaintiff must allege that a furnisher received notice of a credit dispute from a consumer reporting agency.'" *Id.* (quoting *Munroe*, 207 F. Supp. 3d at 238).

Here, Plaintiff does not allege "that he informed any consumer reporting agency of inaccuracies in his credit report, much less that Defendant was notified by a consumer reporting agency of such a dispute." *Robinette*, 2019 WL 4674625, at *2 (citing 15 U.S.C. § 1681s-2(b)(1)) (granting motion to dismiss Plaintiff's § 1681s-2(b) claim). Because Plaintiff does not allege that (1) Defendant received notice of any dispute of his information from a credit reporting agency, or

9

(2) that Defendant failed to conduct a reasonable investigation or otherwise failed to comply with the FCRA, Plaintiff fails to state a cognizable claim for a violation of section 1681s-2(b).

B.  **Plaintiff's Tort Claims**

i.  **Defamation**

Plaintiff alleges that "Defendant's repeated threats to report Plaintiff to credit agencies for a debt he did not owe constituted defamation and caused harm to Plaintiff's credit reputation." Dkt. No. 9 ¶ 19. Plaintiff adds that these "threats were made with knowledge that plaintiff disputed the debt and had provided proof of forgery." *Id.* ¶ 20.

Defendant, however, contends that the FCRA "expressly preempts state common-law defamation claims, such as those asserted by Plaintiff." Dkt. No. 11-1 at 9. Defendant argues that "Section 1681s-2(b) of the [FCRA] governs a furnisher's responsibilities to a consumer, and it is a consumer's only recourse against a furnisher for claims related to its responsibilities to furnish information to consumer reporting agencies." *Id.* at 10.

First, it is unclear whether Defendant even reported anything to credit agencies, since Plaintiff contends that Defendant only "threat[ened] to report Plaintiff" for the purported debt. Dkt. No. 9 ¶ 19. But to the extent that Plaintiff is attempting to bring a defamation claim here, it is indeed preempted by the FCRA under *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011). *Id.* at 46-48 (holding that "state common law claims . . . for defamation and intentional infliction of emotional distress" are preempted by FCRA).[2]

---

[2] "Section 1681h(e) provides that 'no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, . . . except as to false information furnished with malice or willful intent to injure such consumer.'" *Thompson v. Equifax Info. Servs. LLC*, No. 20-CV-6101 (RPK) (ST), 2022 WL 2467662, at *10 (E.D.N.Y. Feb. 24, 2022), *report and recommendation adopted*, Text Order dated March 31, 2022 (citing 15 U.S.C. § 1681h(e)). "Section 1681t(b)(1)(F) preempts any state law claim 'with respect to any

10

The case styled *Dorce v. Toyota Fin. Servs.*, No. 19-CV-6008 (LDH) (RER), 2020 WL 6746838, at *4 (E.D.N.Y. Nov. 17, 2020) is illustrative. There, the *pro se* plaintiff alleged defamation against the Toyota Motor Credit Corporation ("TMCC") because TMCC allegedly incorrectly reported plaintiff as delinquent to Experian, a consumer reporting agency. *Id.* at *1, *4. The court held that "where a defamation claim relates to allegations of false credit reporting, the claim is preempted by the FCRA." *Id.* at *4 (citing *Macpherson*, 665 F.3d 45); *see, e.g., Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 344 (E.D.N.Y. 2012) ("The Second Circuit has held clearly that state law claims such as that alleged by Plaintiff for defamation of credit are preempted by the FCRA."). As in *Dorce*, the alleged defamation by Defendant is preempted under the FCRA.

Accordingly, the undersigned respectfully recommends that Plaintiff's claim for defamation be dismissed.

### ii. Negligence

Defendant argues that Plaintiff's negligence claim is fundamentally flawed because Plaintiff "has not and cannot plausibly allege that [Defendant] owed him a duty that could serve as a basis for such a claim," given that Plaintiff is "an alleged non-customer." Dkt. No. 11-1 at 8-9.[3]

---

subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.'" *Id.* (citing 15 U.S.C. § 1681t(b)). While the latter statute "accomplishes a more sweeping preemption, its application is limited to furnishers of information to [consumer reporting agencies] concerning subject matter regulated under Section 1681s-2." *Id.* (citing *Macpherson*, 665 F.3d at 48); *Mund v. Transunion*, No. 18-CV-6761 (BMC), 2019 WL 955033, at *4 (E.D.N.Y. Feb. 27, 2019).

[3] Defendant does not argue that Plaintiff's negligence claim, or, for that matter, his IIED claim, is preempted by the FCRA. Dkt. No. 11-1 at 8, 11.

11

To prevail on a claim for negligence under New York law,[4] "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Spencer v. Lab'y Corp. of Am. Holdings*, No. 24-2363-CV, 2025 WL 2779015, at *2 (2d Cir. Sept. 30, 2025) (citing *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016) (internal quotation marks and citation omitted)). "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013) (citation omitted). "[T]he definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for Judges to make prior to submitting anything to fact-finding or jury consideration." *Palka v. Servicemaster Mgt. Services Corp.*, 83 N.Y.2d 579, 584 (1994); *see also Musalli Factory For Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D. 13, 27 (S.D.N.Y. 2009), *aff'd sub nom. Musalli Factory for Gold & Jewellry Co. v. JPMorgan Chase Bank, N.A.*, 382 F. App'x 107 (2d Cir. 2010) (finding that "whether a duty of care was owed by the Defendants [] is a question of law that the Court may properly determine on a motion to dismiss").

Here, Plaintiff has not alleged, much less established, that Defendant owed any duty of care to him, particularly as he concedes that he is a non-customer. *See, e.g., Fisher v. New York Chase Manhattan Bank*, No. 16-CV-6030 (VSB), 2018 WL 1274560, at *4 (S.D.N.Y. Mar. 8,

---

[4] "A federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." *Elliott v. Cartagena*, 84 F.4th 481, 496, n. 14 (2d Cir. 2023) (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989)). "When confronted with a choice of law question, New York courts generally look to the law of the jurisdiction that has 'the greatest interest in the litigation,' as determined by the 'facts or contacts which . . . relate to the particular law in conflict.' " *Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334, 345 (E.D.N.Y. 2008). In this case, the events alleged occurred within New York and concerned a transaction that occurred entirely in New York. Additionally, neither party disputes the application of New York state law to the tort claims in this case. Accordingly, the Court will apply New York state law to the tort claims in this case.

2018), *aff'd sub nom. Fisher v. JPMorgan Chase Bank, N.A.*, 740 F. App'x 745 (2d Cir. 2018) ("the Amended Complaint does not contain any allegations of direct dealings between Plaintiff and Chase[;] Plaintiff was never a Chase customer, nor did Plaintiff have any other relationship with Chase relating to the Loan. Plaintiff does not allege any facts to suggest that he, a non-customer of Chase, had any relationship or privity with the bank that would give rise to a duty of care."); *Tzaras v. Evergreen Int'l Spot Trading, Inc.*, No. 01-CV-10726 (LAP), 2003 WL 470611, at *5-*6 (S.D.N.Y. Feb. 25, 2003) (finding that the defendant bank did not owe a duty of care to non-customers).

Because Defendant is not alleged to have owed any duty of care to Plaintiff, Plaintiff cannot, as a matter of New York common law, raise a cognizable claim for negligence.

### iii. IIED

To state a claim for IIED under New York state law, a plaintiff must allege, "the existence of (1) extreme and outrageous conduct, (2) an intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Specht v. City of New York*, 15 F.4th 594, 606 (2d Cir. 2021) (quoting *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121, (1993)); *see also Bano v. United States*, No. 23-CV-4773 (FB), 2025 WL 1758731, at *10 (E.D.N.Y. June 26, 2025) (applying New York state law IIED elements). "To plead IIED, the plaintiff must allege conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Selvam v. United States*, 570 F. Supp. 3d 29, 51 (E.D.N.Y. 2021) (Kovner, J.), *aff'd*, No. 21-2513-CV, 2022 WL 6589550 (2d Cir. Oct. 11, 2022) (cleaned up). "Whether the conduct is 'outrageous' is a matter of law to be decided by the court." *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 586 (E.D.N.Y. 2011) (citation omitted).

13

Here, Plaintiff simply states that Defendant's alleged conduct went "beyond the bounds of decency." Dkt. No. 9 ¶ 21. Liberally construed, the Complaint appears to allege that this conduct consisted of Defendant sending "Plaintiff monthly statements" and demanding payments. *Id*. ¶¶ 13, 22. But given the high bar for extreme and outrageous conduct that New York law requires, Plaintiff's IIED claim does not satisfy the first element of an IIED cause of action. *See Semper*, 786 F. Supp. 2d at 586; *see also LaNasa v. Stiene*, 731 F. Supp. 3d 403, 420 (E.D.N.Y. 2024), *aff'd*, No. 24-1325, 2025 WL 893456 (2d Cir. Mar. 24, 2025) (finding that defamatory statements generally cannot be the basis for an IIED claim); *Selvam*, 570 F. Supp. 3d at 51 (finding that a federal special agent's allegedly nonmaterial false statements in an arrest warrant were insufficiently outrageous to support a claim for IIED).

Nor does Plaintiff satisfy the second element, as Plaintiff makes no allegation that Defendant intended to cause his emotional distress and only alleges that Defendant acted with, "reckless disregard for the likelihood of causing Plaintiff severe emotional distress." Dkt. No. 9 ¶ 22. This allegation would fall under the "bare assertions" of malice that *Iqbal* cautioned against accepting. 556 U.S. at 681. Plaintiff provides no factual allegations that Defendant acted with the requisite *mens rea*, which forces the Court to find that such allegations are conclusory and do not support an inference that Defendant acted with the required *mens rea* to commit the tort of IIED. *Id*. ¶¶ 12-15, 22; *Iqbal*, 556 U.S. at 678; *see also Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 314-15 (S.D.N.Y. 2005) (dismissing IIED claim for, among other reasons, insufficiently pled intent);

Plaintiff cannot satisfy the third element either. "IIED requires pleading the defendants' intent to cause, or disregard of a substantial probability of causing, severe emotional distress."

14

*Sevlam*, 570 F. Supp. 3d at 51.  Plaintiff's allegations, supported by barely conclusory statements, simply do not suffice to raise an IIED claim.

At bottom, Plaintiff's IIED claim fails because the conduct Plaintiff alleges does not meet New York's "rigorous[ ] and difficult to satisfy" standard for "extreme and outrageous conduct." *Conboy v. AT & T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (quoting *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (N.Y. 1993)).

### IV.     Dismissal without Prejudice

Defendant requests dismissal with prejudice for all of Plaintiff's claims.  Dkt. No. 11-1 at 14-15.  Plaintiff contends that dismissal with leave to refile is appropriate when a *pro se* litigant fails to plead sufficient facts.  Dkt. No. 13 at 1-2.

"[I]n general, courts should freely give leave to amend pleadings when justice so requires," as "no court can be said to have erred in failing to grant a request that was not made." *Hu v. City of New York*, 927 F.3d 81, 107 (2d Cir. 2019) (affirming dismissal of complaint without leave to amend).  "[L]eave to amend a complaint may be denied if the proposed amendment would be futile." *Tocker v. Philip Morris Companies, Inc.*, 470 F.3d 481, 491 (2d Cir. 2006).

"In this circuit, 'a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once.'" *Wynder v. Goltzer*, No. 24-CV-7925 (GHW), 2025 WL 2207248, at *7 (S.D.N.Y. Aug. 3, 2025) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013)).  "However, 'it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile.'" *Wynder*, 2025 WL 2207248, at *7 (quoting *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)); *see also Adeleke v. Suffolk Cty. Police Dep't*, No. 21-CV-03681 (GRB) (LGD), 2023 WL 11844273, at *3 (E.D.N.Y. Feb. 8, 2023) ("[T]he duty to liberally construe *pro se* filings 'is not the equivalent of a

15

duty to re-write [them].'" (quoting *Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019))). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020) (quoting *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224-25 (2d Cir. 2017) (citation omitted)).

As noted above, Plaintiff's sparse opposition brief is primarily focused on his request to amend the complaint. *See, e.g.,* Dkt. No. 13 at 2 ("If the Court determines that additional factual detail is required, Plaintiff respectfully requests leave to amend the Complaint to address any deficiencies rather than a [*sic*] dismissal with prejudice"). But Plaintiff's opposition brief does not provide any additional factual detail as to his allegations or propose any specific amendments to the Complaint. If a plaintiff attempts to request leave to amend in their opposition brief, without proposing any specific amendments, courts are typically not inclined to grant leave to amend because "denial of leave to amend is proper where the request gives no clue as to how the complaint's defects would be cured." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend); *see also Allison v. Clos-ette Too, LLC*, No. 14-CV-1618 (LAK) (JCF), 2014 WL 4996358, at *2 (S.D.N.Y. Sept. 15, 2014), *report and recommendation adopted sub nom. Ellison v. Clos-ette Too, LLC*, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014) ("While failure to include the proposed amendment is not necessarily fatal to the motion, the court may deny leave when it is unclear what changes are proposed."). Indeed, Plaintiff offers "no explanation of how he intends to amend his pleadings to provide additional facts not already set forth" in his Complaint. *Eisenberg v. New York City Dep't of Educ.*, No. 24-CV-1661 (HG), 2025 WL 2022093, at *16 (E.D.N.Y. July 18, 2025) (citing *Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where

16

"plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments")).

Nonetheless, given Plaintiff's *pro se* status and given that Plaintiff has not yet sought to amend the Complaint, the undersigned respectfully recommends that dismissal of the Complaint be *without* prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that because "[a] *pro se* complaint is to be read liberally," courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *11 (E.D.N.Y. May 16, 2005) ("While plaintiffs' complaint leaves much to be desired, I cannot say that it is so clearly deficient that amendment would necessarily be futile [and] Plaintiffs are granted leave to file an amended complaint within thirty days of the date of this order."); *cf. Woolsey v. Cty. Of Suffolk*, No. 11-CV-4806 (JFB) (GRB), 2014 WL 1010640, at *10 (E.D.N.Y. Mar. 14, 2014) (denying a *pro se* plaintiff leave to amend the complaint because he already attempted to file *three* complaints but "has yet to allege anything arising to a valid claim," and finding amendment would be futile) (emphasis added); *but see Lewis*, 2022 WL 329195, at *3 ("Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.").

**V.    Conclusion**

For the reasons set forth above, the undersigned respectfully recommends that Defendant's motion be granted, in part, to wit, Defendant's motion to dismiss is granted, and *pro se* Plaintiff be granted leave to replead.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Defendant's counsel to serve a copy of this Report and Recommendation by first-

17

class mail and overnight mail on Plaintiff and to file proof of service on ECF by October 31, 2025. Copies shall be served at the following address:

> Aleksandr Snitman
> 2321 83rd Street
> Brooklyn, NY 11214

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gonzalez. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

| | |
|---|---|
| Dated:   Brooklyn, New York<br>           October 30, 2025 | **SO ORDERED.**<br><br> /s/ Joseph A. Marutollo<br>JOSEPH A. MARUTOLLO<br>United States Magistrate Judge |