UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEKSANDR SNITMAN,

                             Plaintiff,

            v.

BMW FINANCIAL SERVICES,

                           Defendant.
------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

25-CV-4473
(Gonzalez, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Currently pending before this Court, on a referral from the Honorable Hector Gonzalez, United States District Judge, is Defendant BMW Financial Services NA, LLC's motion to dismiss *pro se* Plaintiff Aleksandr Snitman's Amended Complaint. *See* Dkt. No. 25; Text Order, dated Apr. 7, 2026. For the following reasons, the undersigned respectfully recommends that Defendant's motion to dismiss be granted, and leave to amend be denied.

## I.    Background

On July 8, 2025, Plaintiff commenced the instant action by filing a summons with notice in the Supreme Court of the State of New York, Kings County, alleging that Defendant accepted a forged version of his signature on a BMW lease agreement. Dkt. No. 9 ¶¶ 8-9. As a result of the purported forgery, Plaintiff claimed violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., along with tort claims of defamation, negligence, and intentional infliction of emotional distress ("IIED"). *See* generally Dkt. No. 9. Defendant removed this lawsuit to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 2.[1]

---

[1] Plaintiff is a resident of Kings County, New York. Dkt. No. 1 ¶ 4; Dkt. No. 9 ¶ 1. Defendant is a Delaware limited liability company; its sole member is BMW of North America, LLC, a Delaware LLC, and its sole member is BMW (US) Holding Corp. Dkt. No. 1 ¶ 5. BMW (US) Holding Corp. is a citizen of Delaware

On August 14, 2025, this Court ordered Plaintiff to file a complaint by August 19, 2025. *See* Text Order, dated Aug. 14, 2025.  Plaintiff failed to file a complaint by the Court-ordered deadline.  The Court *sua sponte* extended the deadline to August 22, 2025.  *See* Text Order, dated Aug. 20, 2025.  After again failing to file as directed, the Court granted Plaintiff one final extension—until September 3, 2025—to file a complaint.  Text Order, dated Aug. 25, 2025.  On August 25, 2025, Plaintiff filed the Complaint.  *See* Dkt. No. 9.

On September 9, 2025, Defendant filed its first motion to dismiss the Complaint, arguing that: (1) Plaintiff failed to state a claim for negligence; (2) the FCRA preempted Plaintiff's defamation claim; (3) Plaintiff had not alleged sufficient facts to support an IIED claim; and (4) Plaintiff failed to state a claim for violation of the FCRA.  *See generally* Dkt. No. 11-1.  Plaintiff's response was filed on October 7, 2025.  *See generally* Dkt. No. 13.  Defendant filed its reply on October 14, 2025.  *See* Dkt. No. 16.

On October 30, 2025, the undersigned entered a Report and Recommendation granting Defendant's motion but permitting Plaintiff leave to replead.  *See* Dkt. No. 17, *see also Snitman v. BMW Fin. Servs.*, No. 25-CV-4473 (HG) (JAM), 2025 WL 3032399, at *7 (E.D.N.Y. Oct. 30, 2025).

On November 19, 2025, Judge Gonzalez adopted the Report and Recommendation.  *See* Text Order, dated Nov. 19, 2025.   The Court set a deadline for Plaintiff to file an Amended Complaint.  *See id.*  The Court informed Plaintiff "that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original.

---

and New Jersey for purposes of diversity jurisdiction because it was incorporated in Delaware, and its principal place of business is in New Jersey. *Id.*  In its notice of removal, Defendant argued that jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper based on complete diversity between all plaintiffs and defendants. Additionally, Plaintiff has requested $1 million in damages, which Defendant argues satisfies the amount in controversy requirement of diversity jurisdiction.  *See* Dkt. No. 9 ¶ 26; Dkt. No. 1 ¶ 6.

Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the original complaint." *Id.*

On January 16, 2026, Plaintiff filed his Amended Complaint. *See* Dkt. No. 22. Plaintiff raises four causes of action against Defendant,[2] namely: (1) violations of the FCRA; (2) violation of New York General Business Law ("GBL") § 349; (3) IIED; and (4) "negligence / gross negligence." Dkt. No. 22 at 3-4.[3]

On April 6, 2026, Defendant filed its motion to dismiss the Amended Complaint. *See* Dkt. No. 25. On April 7, 2026, Judge Gonzalez referred the motion to dismiss to the undersigned for a report and recommendation. Text Order, dated Apr. 7, 2026. On May 20, 2026, Defendant filed a letter-motion, requesting that because "Plaintiff has not filed any Opposition [to the motion to dismiss (Dkt. No. 25)], nor did he request additional time to do so prior to the expiration of the deadline," Defendant "respectfully requests that [the motion to dismiss (Dkt. No. 25)] be deemed unopposed and for the reasons set forth in its Moving Brief [Dkt. [No.] 25-1]." Dkt. No. 26.

On May 20, 2026, the undersigned directed Plaintiff to file a letter stating whether he opposes the motion to dismiss at Dkt. No. 25 by May 27, 2026. Text Order, dated May 20, 2026. Defendant served a copy of the May 20, 2026 Text Order on Plaintiff. Dkt. No. 27. On May 26, 2026, Plaintiff filed a "response to court order" requesting that the Court accept this response as timely compliance with the Court's Order; permit Plaintiff to file opposition papers to Defendant's Motion to Dismiss; and deny any request to dismiss the action based on procedural grounds. Dkt. No. 28. In light of Plaintiff's *pro se* status, the Court afforded Plaintiff an opportunity to oppose the motion to dismiss (Dkt. No. 25) by June 5, 2026, and Defendant shall file a reply by Jun 12,

---

[2] Defendant is improperly named in caption of the Amended Complaint as "BMW Financial Service[]." *See* Dkt. No. 25-1.

[3] Page citations are to the ECF-stamped pages unless otherwise stated.

2026.  Text Order, dated May 26, 2026.  Defendant served a copy of the May 26, 2026 Text Order on Plaintiff.  Dkt. No. 29.  On June 4, 2026, Plaintiff filed his opposition to the motion to dismiss (Dkt. No. 25), which is nearly identical to May 26, 2026 "response to court order" (Dkt. No. 28), except that Plaintiff noted, in sum and substance, that he was away from his home from May 30, 2026 to April 13, 2026, and he asked for forgiveness if he missed any correspondence.  Dkt. No. 30.  Defendant served and filed its reply on June 12, 2026.  *See* Dkt. No. 31.  On June 18, 2026. Plaintiff filed copies of Dkt. Nos. 28 and 30, along with certified mail receipts.  Dkt. No. 32.

## II.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted), and must show that the court has subject matter jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3).

4

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). "The solicitude afforded to *pro se* litigants takes a variety of forms," for example, "the liberal construction of pleadings, motion papers, and appellate briefs," "relaxation of the limitations on the amendment of pleadings," "leniency in the enforcement of other procedural rules," and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." *Id.* (citations omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotations omitted); *see, e.g.*, *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (affirming "[a] complaint filed by a plaintiff *pro se* is to be construed 'liberally to raise the strongest arguments [it] suggest[s].'" (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))); *Cooke v. Frank Brunckhorst Co., LLC*, 788 F. Supp. 3d 390, 395 (E.D.N.Y. 2025) (affirming "the Court is mindful that the plaintiff is proceeding *pro se* and that the complaint must be 'liberally construed' in favor of the plaintiff" (quoting *Coffey v. United States*, 939 F. Supp. 185, 189-90 (E.D.N.Y. 1996); *Maynard v. Comm'r*,

No. 15-CV-586 (CBA) (LB), 2015 WL 4069356, at *1 (E.D.N.Y. July 1, 2015) ("pleadings submitted *pro se . . .* are held to a less stringent standard and must be liberally construed."). "District courts must interpret a *pro se* complaint to raise the strongest claims that it suggests." *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 287 (E.D.N.Y. 2024) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted)); *see also Antrobus v. New York City*, 762 F. Supp. 3d 241, 245 (E.D.N.Y. 2025) (finding that even after *Twombly*, Plaintiff's claims must be read liberally and interpreted to raise the strongest argument they suggest) (citations omitted). Moreover, on a motion to dismiss, "the Court must assume the truth of 'all well-pleaded, nonconclusory factual allegations in the complaint.'" *1567 56th St., LLC v. Spitzer*, 774 F. Supp. 3d 476, 488 (E.D.N.Y. 2025) (quoting *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

## III.    **Discussion**

In light of Plaintiff's *pro se* status, the Court *sua sponte* permitted Plaintiff to state whether he opposes the motion to dismiss (Text Order, dated May 20, 2026); Plaintiff filed the May 26, 2026 "response to court order" (Dkt. No. 28), and the Court permitted Plaintiff to file an opposition to the motion to dismiss (Text Order, dated May 26, 2026). Nonetheless, Plaintiff does not address any of Defendant's substantive arguments in his responses to Defendant's motion. *See* discussion *infra* Sections III.A-III.D; *see also* Dkt. Nos. 28, 30; 32.[4]  Instead, Plaintiff simply argues that Defendant's motion should not be granted "on procedural grounds." Dkt. No. 28.

---

[4] Plaintiff notes that he "was away from March 30th, 2026 to April 13, 2026" and adds that his "mail and packages get stolen all the time." Dkt. No. 30 at 2. But the dates at issue are irrelevant to the deadlines set by the Court here. Moreover, that Defendant served copies of the Court's orders on Plaintiff (Dkt. Nos. 27; 29) and Plaintiff filed his submissions by the applicable deadlines belies any suggestion that Plaintiff did not receive the Court's orders.

Similar to Plaintiff's response to Defendant's original motion to dismiss the Complaint, Plaintiff again has abandoned his claims by failing "to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) ("[A] partial opposition may imply an abandonment of some claims or defenses."); *Freidberg v. N.Y. Inst. of Tech.*, No. 24-CV-4072 (NJC) (ST), 2026 WL 1661735, at *8 (E.D.N.Y. June 9, 2026) (noting that because the plaintiff "has failed to oppose the Motion to Dismiss with respect to [certain] claims[,] I deem these claims abandoned.").

A plaintiff's "*pro se* status does not shield him from such a result." *See Snitman*, 2025 WL 3032399, at *3 (first quoting *Thomas v. City of New York*, No. 24-CV-2534 (VEC) (HJR), 2025 WL 1603429, at *8 (S.D.N.Y. June 6, 2025), *report and recommendation adopted*, 2025 WL 2434641 (S.D.N.Y. Aug. 22, 2025); and then citing *McNair v. Ponte*, No. 16-CV-1722 (LAP), 2019 WL 1428349, at *6 (S.D.N.Y. Mar. 29, 2019) ("This Court has deemed claims abandoned even in cases where the plaintiff was proceeding *pro se*.")).

Nonetheless, out of an abundance of caution, the Court evaluates the merits of each of Plaintiff's claims, in turn, below.

### A.    Plaintiff's FCRA Claim

In the Amended Complaint, Plaintiff alleges that "[a]fter receiving notice of identity theft and fraud, Defendant was required to . . . conduct a reasonable investigation; correct [or] delete inaccurate information; [and] cease unlawful collection activity." Dkt. No. 22 ¶ 19.  As a result, Plaintiff claims that Defendant violated 15 U.S.C § 1681s-2(b) of the FCRA.  *Id.* ¶¶ 19, 20. Defendant, in contrast, argues that any claim for a violation of 15 U.S.C. § 1681s-2(b) fails as a matter of law.  *See* Dkt. No. 25-1, at 8-10.

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). "[T]he FCRA imposes several duties and obligations on entities like Defendant, known as 'furnishers,' 'that furnish[] information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.' 12 C.F.R. § 1022.41(c); *see* 15 U.S.C. § 1681s-2 (outlining the responsibilities of furnishers of information to consumer reporting agencies)." *Robinette v. Bank of Am., N.A.*, No. 17-CV-6277 (JMA) (AYS), 2019 WL 4674625, at *2 (E.D.N.Y. Sep. 25, 2019) (footnote omitted).

"Section 1681s-2(b) of the FCRA 'governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency.'" *Varlack v. Bank of Am.*, No. 23-CV-6270 (LTS), 2023 WL 6882835, at *3 (S.D.N.Y. Oct. 16, 2023) (citation omitted).

> There is a private right of action for violations of section 1681s-2(b), which requires a furnisher, '*after receiving notice pursuant to section 1681i(a)(2)* of this title of a dispute with regard to the completeness or accuracy *of any information provided . . . to a consumer reporting agency*,' to investigate the disputed information according to specific procedures.

*Robinette*, 2019 WL 4674625, at *2 (quoting 15 U.S.C. § 1681s-2(b) (emphasis added)); *Snitman*, 2025 WL 3032399, at *4 ("To state a claim [under Section 1681s-2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation.") (citations omitted)). A furnisher's duties under § 1681s-2(b) include, *inter alia*, the responsibility "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. *Snitman*, 2025 WL 3032399, at *4 (quoting 15 U.S.C. § 1681s-2(b)(1)). "Section 1681i(a)(2) requires a consumer reporting agency

that receives notice of a dispute from a consumer, to notify, within 5-business days, 'any person who provided any item of information in dispute.'" *Robinette*, 2019 WL 4674625, at *2 (quoting 15 U.S.C. § 1681i(a)(2)(A)). Thus, "'[t]o state a claim under section 1681s-2(b) of the statute, a plaintiff must allege that a furnisher received notice of a credit dispute from a consumer reporting agency.'" *Id.* (quoting *Munroe v. Nationstar Mortg. LLC*, 207 F. Supp. 3d 232, 238 (E.D.N.Y. 2016)); *see also Suluki v. Credit One Bank, NA*, 138 F.4th 709, 720 (2d Cir. 2025) (noting that under Section 1681s-2(b), furnishers cannot be held liable "if a reasonable investigation would not have yielded a different result"); *see also Hamadeh v. Cenlar FSB*, No. 25-CV-5401 (PKC), 2026 WL 1328606, at *5 (S.D.N.Y. May 13, 2026) (noting that "[t]he statute is clear that the notice triggering these duties must come from a [credit reporting agency], not the consumer." (internal quotations marks and citations omitted)).

Here, as Defendant points out, Plaintiff does not allege "that he informed any consumer reporting agency of inaccuracies in his credit report, much less that Defendant was notified by a consumer reporting agency of such a dispute." Dkt. No. 25-1, at 9; *Robinette*, 2019 WL 4674625, at *2 (citing 15 U.S.C. § 1681s-2(b)(1)) (granting motion to dismiss Plaintiff's § 1681s-2(b) claim). Because Plaintiff does not allege that (1) Defendant received notice of any dispute of his information from a credit reporting agency, or (2) that Defendant failed to conduct a reasonable investigation or otherwise failed to comply with the FCRA, Plaintiff fails to state a cognizable claim for a violation of section 1681s-2(b). *See Snitman*, 2025 WL 3032399, at *5 (recommending dismissal of the same claim for the same reason).

Thus, the undersigned respectfully recommends that Plaintiff's FCRA claim be dismissed.

### B.    Plaintiff's Claim regarding a Violation of GBL § 349

Next, Plaintiff alleges violation of GBL § 349, as Defendant purportedly "engaged in deceptive and unfair practices by attempting to collect a debt it knew Plaintiff did not owe."  Dkt. No. 22 ¶ 22.  As Judge Gonzalez recently explained in *Hastings v. TD Bank, N.A.*, No. 25-CV-2336 (HG), 2026 WL 555036, at *6 (E.D.N.Y. Feb. 27, 2026),

> [GBL] Section 349 "makes unlawful '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state,'" *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (quoting NY GBL § 349), and "provides a private right of action to 'any person who has been injured by reason of any violation of th[e] section,'" *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *13 (S.D.N.Y. Aug. 12, 2016) (quoting NY GBL § 349(h)).  To establish a violation of Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered an injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples*, *Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).

*Id.* "To determine whether conduct related to a GBL claim is materially misleading, courts apply an objective definition of misleading, under which the alleged act must be likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Chimienti v. Wendy's Int'l, LLC*, 698 F. Supp. 3d 549, 557 (E.D.N.Y. 2023) (Gonzalez, J.) (internal quotation marks omitted) (noting that "[t]he Court is permitted to resolve [the GBL § 349 claim] on a motion to dismiss").

Here, Plaintiff's GBL § 349 claim is wholly conclusory: Plaintiff does not allege how Defendant engaged in any conduct that was materially misleading, nor does Plaintiff detail how he suffered an injury as a result of the purportedly deceptive practice on the part of Defendant.  *See* Dkt. No. 22 ¶¶ 22-23 ("Defendant's [*sic*] engaged in deceptive and unfair practices by attempting to collect a debt it knew Plaintiff did not owe.  Defendant's conduct was consumer-oriented and caused actual injury."); *see also Chimienti*, 698 F. Supp. 3d at 557 (dismissing GBL § 349 claim when plaintiff "failed to allege . . . injury"); *see also Colpitts v. Blue Diamond Growers*, 527 F.

10

Supp. 3d 562, 576 (S.D.N.Y. 2021) ("a plaintiff must plead something more than the defendant's deception") (internal quotation marks and citations omitted). Indeed, the Amended Complaint does not allege how (if at all) Defendant engaged in deceptive or unfair practices. Dkt. No. 22 ¶¶ 22-23. Moreover, Plaintiff does not allege that any actions taken by Defendant were "consumer-oriented," as Plaintiff's claims relate to himself alone "and are not likely to have a broader impact on consumers at large." *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) (internal quotations marks omitted); *see* Dkt. No. 22 ¶ 23.

Accordingly, the undersigned respectfully recommends that Defendant's motion to dismiss Plaintiff's GBL § 349 cause of action be granted.

### C.    Plaintiff's IIED Claim

Plaintiff generally argues that Defendant "owed Plaintiff a duty of reasonable care once fraud was acknowledged" and that "Defendant breached that duty by continuing harassment and threats." Dkt. No. 22 ¶ 24-25. Defendant argues that Plaintiff's IIED allegations are conclusory and thus insufficient to state a viable claim. *See* Dkt. No. 25-1 at 11.

Under New York law,[5] the tort of IIED "has four elements: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Ank Bey El v. CitiMortgage, Inc.*, No. 25-CV-2317 (HG) (JAM), 2025 WL 3552702, at *22 (E.D.N.Y. Dec. 11, 2025) (citations omitted), *report and recommendation adopted*, Text Order, dated Jan. 2, 2026. "To plead IIED, the plaintiff must allege conduct so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

---

[5] In this case, the events alleged occurred within New York and concerned a transaction that occurred entirely in New York. Additionally, neither party disputes the application of New York state law to the tort claims in this case. Accordingly, the Court will apply New York state law to the tort claims in this case. *Snitman*, 2025 WL 3032399, at *6 n.4.

11

community." *Snitman*, 2025 WL 3032399 at \*7 (quoting *Selvam v. United States*, 570 F. Supp. 3d 29, 51 (E.D.N.Y. 2021) (Kovner, J.), *aff'd*, No. 21-2513-CV, 2022 WL 6589550 (2d Cir. Oct. 11, 2022) (citation modified)).  "Whether the conduct is 'outrageous' is a matter of law to be decided by the court." *Id.* (quoting *Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 586 (E.D.N.Y. 2011)).

Plaintiff merely recounts the elements of IIED in the Amended Complaint.  Dkt. No. 22 ¶¶ 24-25.  But Plaintiff does not meet the high bar for extreme and outrageous conduct that New York law requires.  *See Semper*, 786 F. Supp. 2d at 586; *see also LaNasa v. Stiene*, 731 F. Supp. 3d 403, 420 (E.D.N.Y. 2024) (finding that defamatory statements "generally cannot be the basis of an [IIED] claim" (citation omitted)), *aff'd*, No. 24-1325, 2025 WL 893456 (2d Cir. Mar. 24, 2025); *Selvam*, 570 F. Supp. 3d at 51 (finding that a federal special agent's allegedly nonmaterial false statements in an arrest warrant were insufficiently outrageous to support a claim for IIED).

Nor does Plaintiff satisfy the second element, as Plaintiff makes no allegation that Defendant intended to cause his emotional distress and only alleges that Defendant acted with, "reckless disregard for Plaintiff's rights."  Dkt. No. 22 ¶ 25.  This allegation would fall under the "bare assertions" of malice that *Iqbal* cautioned against accepting.  *Iqbal*, 556 U.S. at 681.  Plaintiff provides no factual allegations that Defendant acted with the requisite *mens rea*, which forces the Court to find that such allegations are conclusory and do not support an inference that Defendant acted with the required *mens rea* to commit the tort of IIED.  *Id.* ¶¶ 12-15, 22; *Iqbal*, 556 U.S. at 678; *see also Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 313-15 (S.D.N.Y. 2005) (dismissing IIED claim for, among other reasons, insufficiently pled intent).

Plaintiff also fails to satisfy the third element for IIED.  "IIED requires pleading the defendants' intent to cause, or disregard of a substantial probability of causing, severe emotional

distress." *Selvam*, 570 F. Supp. 3d at 51 (internal quotation marks omitted).  Plaintiff's allegations, supported by barely conclusory statements, simply do not suffice to raise an IIED claim.  *See generally* Dkt. No. 22.

In sum, Plaintiff's IIED claim fails because the conduct Plaintiff alleges does not meet New York's "rigorous[ ] and difficult to satisfy" standard for extreme and outrageous conduct.  *Conboy v. AT & T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (quoting *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 122 (N.Y. 1993)); *see also Snitman*, 2025 WL 3032399, at *8 (holding same).  Accordingly, the undersigned respectfully recommends that Defendant's motion to dismiss Plaintiff's IIED claim be granted.

### D.    Plaintiff's Negligence Claims

Plaintiff generally argues that Defendant engaged in " negligence / gross negligence" under New York law.  Dkt. No. 22 ¶ 26-27.  Defendant argues that Plaintiff's negligence claim is fundamentally flawed because Defendant did not owe Plaintiff a duty of care as a non-customer. *See* Dkt. No. 25-1 at 14.

To prevail on a claim for negligence under New York law, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom."  *Spencer v. Lab'y Corp. of Am. Holdings*, No. 24-2363-CV, 2025 WL 2779015, at *2 (2d Cir. Sep. 30, 2025) (citing *Pasternack v. Lab'y Corp. of Am. Holdings*, 59 N.E.3d 485, 490 (N.Y. 2016) (internal quotation marks and citation omitted)).  "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party."  *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013) (citation omitted).  "[T]he definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration

13

reserved for Judges to make prior to submitting anything to fact-finding or jury consideration." *Palka v. Servicemaster Mgt. Servs. Corp.*, 634 N.E.2d 189, 192 (N.Y. 1994); *see also Musalli Factory For Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D. 13, 27 (S.D.N.Y. 2009) (finding that "whether a duty of care was owed by the Defendants . . . is a question of law that the Court may properly determine on a motion to dismiss"), *aff'd*, 382 F. App'x 107 (2d Cir. 2010).

Here, Plaintiff has not alleged, much less established, that Defendant owed any duty of care to him. *See* Dkt No. 22 ¶¶ 26-27 ("Defendant owed Plaintiff duty [*sic*] of reasonable care once fraud is acknowledged. Defendant breached that duty by continuing harassment and threats."); *see, e.g.*, *Fisher v. N.Y. Chase Manhattan Bank*, No. 16-CV-6030 (VSB), 2018 WL 1274560, at *4 (S.D.N.Y. Mar. 8, 2018) ("the Amended Complaint does not contain any allegations of direct dealings between Plaintiff and Chase[;] Plaintiff was never a Chase customer, nor did Plaintiff have any other relationship with Chase relating to the Loan. Plaintiff does not allege any facts to suggest that he, a non-customer of Chase, had any relationship or privity with the bank that would give rise to a duty of care."), *aff'd sub nom.*, *Fisher v. JPMorgan Chase Bank, N.A.*, 740 F. App'x 745 (2d Cir. 2018); *Tzaras v. Evergreen Int'l Spot Trading, Inc.*, No. 01-CV-10726 (LAP), 2003 WL 470611, at *5-*6 (S.D.N.Y. Feb. 25, 2003) (finding that the defendant bank did not owe a duty of care to non-customers). As stated in the October 30, 2026 Report and Recommendation, since Defendant is not alleged to have owed any duty of care to Plaintiff, Plaintiff cannot, as a matter of New York common law, raise a cognizable claim for negligence. *Snitman*, 2025 WL 3032399, at *7.

Finally, Plaintiff's gross negligence claim fails as a matter of law. "Gross negligence adds an additional prong to the already-present elements of negligence—namely, that defendant's conduct evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing."

14

*Lane*, 767 F. Supp. 2d at 392 (internal quotation marks and citations omitted). None of the conclusory allegations in the Amended Complaint "rises to the level of satisfying this additional element." *Id*.; *see generally* Dkt. No. 22.

Accordingly, the undersigned respectfully recommends that Defendant's motion to dismiss Plaintiff's negligence and gross negligence claims be granted.

## IV.     Leave to Amend

Defendant requests that Plaintiff's claims be dismissed with prejudice. Dkt. No. 25-1 at 9-10; *see also* Dkt. No. 25-2. As noted above, Plaintiff does not adequately respond to Defendant's motion, including whether he is even contemplating trying to file a second amended complaint.

"In this circuit, 'a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once.'" *Wynder v. Goltzer*, No. 24-CV-7925 (GHW), 2025 WL 2207248, at *7 (S.D.N.Y. Aug. 3, 2025) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013)).

Plaintiff's original complaint brought claims under the FCRA, and defamation, negligence, and IIED claims under New York State law. Dkt. No. 9. On October 30, 2025, the undersigned issued a report and recommendation to dismiss all claims, explaining, *inter* alia, that the FCRA claims fail under 15 U.S.C. §§ 1681s-2(a) & 2(b); Plaintiff has not alleged a duty for his negligence claim; and Plaintiff did not satisfy any of the elements for the IIED claim. *Snitman*, 2025 WL 3032399, at *3-8. The October 30, 2025 Report and Recommendation recommended that Plaintiff be granted leave to replead given his *pro se* status. *Id.* at *9. On November 19, 2025, the Court adopted the Report and Recommendation. Text Order, dated Nov. 19, 2025. On January 16, 2026, Plaintiff filed the Amended Complaint, which asserted the same or similar claims under the FCRA,

15

and New York law claims of IIED and "negligence/gross negligence"; except Plaintiff added a new claim under New York General Business Law § 349.  Dkt. No. 22 at 3-4.

As an initial matter, based on this Report and Recommendation, which recommends dismissal on the same or similar grounds as the Court's prior ruling in this matter—including that Plaintiff did not inform any consumer reporting agency required for the FCRA claim under 15 U.S.C. § 1681s-2(b) (*Snitman*, 2025 WL 3032399, at *5), Plaintiff did not meet any of the elements of an IIED claim (*id.* at *7), and that Defendant owed a duty to Plaintiff required for a negligence claim (*id.* at *6)—Plaintiff appears to have paid no heed to the Court's prior rulings regarding the claims in his original complaint.  *See* Dkt. Nos. 17, Text Order, dated Nov. 19, 2025.  Thus, leave to amend should be denied on those grounds alone.  In light of Plaintiff's *pro se* status, however, the undersigned considers additional arguments below.  Nonetheless, the undersigned respectfully recommends that any leave to amend be denied.

Here, neither the Amended Complaint nor Plaintiff's oppositions to the motions to dismiss request leave to amend.  Dkt. Nos. 22, 28, 30.  Nor do these submissions contain any proposed specific amendments.  *See id.*  Plaintiff's failure to "seek leave to amend or propose any specific amendments alone is sufficient to deny Plaintiff leave to amend for this motion."  *See Ank Bey El*, 2025 WL 3552702, at *24 (citation omitted).  Plaintiff offers "no explanation of how he intends to amend his pleadings to provide additional facts not already set forth" in his Complaint. *Eisenberg v. N.Y.C. Dep't of Educ.*, No. 24-CV-1661 (HG), 2025 WL 2022093, at *16 (E.D.N.Y. July 18, 2025) (citing *Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) ("affirming denial of leave to amend where 'plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss' and 'included no proposed amendments'")); *Chimienti*, 698 F. Supp. 3d at 564 (citing *Hawkins v. Coca-Cola Co.*, No. 21-

16

CV-8788, 654 F. Supp. 3d 290, 310 (S.D.N.Y. Feb. 7, 2023) ("denying leave to amend . . . where Plaintiff amended the complaint once . . . and 'ha[d] failed to otherwise suggest that she is in possession of facts that would cure the deficiencies that [d]efendants highlighted in [its] motion and that the [c]ourt highlighted in [its] [o]pinion'")).  Accordingly, leave to amend should be denied on this ground as well.

Nonetheless, even had Plaintiff raised a request to file a second amended complaint, any amendment to Plaintiff's claims would be futile.  "[I]t is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile." *Wynder*, 2025 WL 2207248, at *7 (quoting *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)); *see also Adeleke v. Suffolk Cnty. Police Dep't*, No. 21-CV-03681 (GRB) (LGD), 2023 WL 11844273, at *3 (E.D.N.Y. Feb. 8, 2023) ("[T]he duty to liberally construe *pro se* filings 'is not the equivalent of a duty to re-write [them].'" (quoting *Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019)))), *report and recommendation adopted*, Text Order, dated Mar. 22, 2023.  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Chimienti*, 698 F. Supp. 3d at 564 (citing *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F. 4th 147, 175 (2d Cir. 2021)); *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020) (holding same, and quoting *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224-25 (2d Cir. 2017) (citation omitted)).

In this case, when previously provided an opportunity to amend, Plaintiff filed the Amended Complaint—largely asserting the same FCRA, IIED, and negligence claims already rejected in the initial Report and Recommendation, with the sole exception of a wholly conclusory BGL § 349 claim, described above.  *See Snitman*, 2025 WL 3032399, at *5-7; Dkt. Nos. 22, 28,

30. In light of the futility of these claims, there is no basis to permit further amendment. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) ("Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile. The new allegations plaintiff wished to assert— for instance, claims that he suffered discrimination on the basis of national origin and perceived disability—are merely conclusory. In the circumstances, the District Court had no reason to permit amendment." (citations omitted)).

Moreover, the "repeated failure to cure deficiencies by amendments previously allowed" warrants denial of leave to amend. *Dluhos v. Floating and Abandoned Vessel, Known as "N.Y."*, 162 F.3d 63, 69 (2d Cir. 1998). "Where the 'flaws in the pleading are incurable,' '[d]ismissal *with prejudice* is appropriate.'" *Corsini v. Dentons US LLP*, No. 24-CV-3196 (LTS), 2025 WL 2781345, at *9 (S.D.N.Y. Sep. 30, 2025) (emphasis added) (citation omitted).

Accordingly, the undersigned respectfully recommends that the amended complaint be dismissed with prejudice, and that Plaintiff be denied leave to file a second amended complaint.

## V.    **Conclusion**

For the reasons set forth above, the undersigned respectfully recommends that Defendant's motion to dismiss be granted in its entirety with prejudice, and leave to amend be denied.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Defendant's counsel to serve a copy of this Report and Recommendation by first-class mail and overnight mail on Plaintiff and to file proof of service on ECF by July 2, 2026. Copies shall be served at the following address:

Aleksandr Snitman
2321 83rd Street
Brooklyn, NY 11214

18

Any objections to this Report and Recommendation must be filed within fourteen days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gonzalez. The "failure to object timely to a [magistrate judge]'s report operates as a waiver of any further judicial review of the [magistrate judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d. Cir. 1989)). Indeed, "a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Stevens v. Duquette*, No. 22-1571, 2024 WL 705954, at *1 (2d Cir. Feb. 21, 2024) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)). Accordingly, the failure to file objections within this timeframe or specify the particular issues to be reviewed precludes further review of this Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Frego v. Kelsick*, 690 F. App'x 706, 709 (2d Cir. 2017) (appellate review barred because plaintiff failed to object to the magistrate judge's report and recommendation pertaining to the claim on which plaintiff now seeks to appeal (citing *Caidor*, 517 F.3d at 604)).

Dated:        Brooklyn, New York          **SO ORDERED.**
              July 1, 2026


                                           /s/ Joseph A. Marutollo
                                          JOSEPH A. MARUTOLLO
                                          United States Magistrate Judge